NO. 07-04-0320-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 11, 2004

_____

JONATHAN MICHAEL ARMIJO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 13,363-B; HONORABLE RICHARD DAMBOLD, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant, Jonathan Armijo, pled guilty to the offense of delivery of a controlled substance and was sentenced to eight years confinement in the Texas Department of Criminal Justice-Institutional Division. The sentence was imposed on June 2, 2003. On May 28, 2004, appellant filed a *pro se* notice of appeal with the trial court.

Our appellate jurisdiction over a criminal appeal is triggered through a timely notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996); *see State v. Riewe*, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). In the absence of a notice of appeal timely filed in compliance with the requirements of Rule of Appellate Procedure 26, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case, and can take no action other than to dismiss the appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). As applicable here, Rule of Appellate Procedure 26.2(a) requires a notice of appeal in a criminal case be filed within 30 days after the day sentence is imposed in open court, or within 90 days after imposition of the sentence if a timely motion for new trial is filed.

As noted, appellant's sentence was imposed on June 2, 2003. The record does not indicate whether appellant filed a motion for new trial. Regardless, appellant's notice of appeal, filed more than eleven months later, was untimely. Appellant's failure to file a timely notice of appeal prevents this court from having jurisdiction over his appeal.

Accordingly, appellant's appeal is dismissed for want of jurisdiction. Tex. R. App. P. 39.8, 40.2, 43.2(f).

James T. Campbell
Justice

Do not publish.